Smith, J.P., and Peradotto, J.
(dissenting). We respectfully dissent inasmuch as we conclude that there is no need for a reconstruction hearing with respect to defendant’s unpreserved O’Rama contention (see People v O’Rama, 78 NY2d 270 [1991]). Because we agree with the majority that the remainder of defendant’s contentions are without merit, we would affirm the judgment without holding the case and remitting the matter to County Court for a reconstruction hearing.
Under O’Rama and its progeny, when the trial court receives a “substantive juror inquiry” (id, at 280), CPL 310.30 requires the court to provide “meaningful notice to counsel of the specific content of the jurors’ request” (People v Kisoon, 8 NY3d 129, 134 [2007]; see O’Rama, 78 NY2d at 276). As the Court of Appeals has explained, “[t]he point of [its] decision in O’Rama . . . was ‘not to mandate adherence to a rigid set of procedures, but rather to delineate a set of guidelines calculated to maximize participation by counsel at a time when counsel’s input is most meaningful, i.e., before the court gives its formal response’ ” (People v Lykes, 81 NY2d 767, 769 [1992], quoting O’Rama, 78 NY2d at 278). Thus, the purpose of the notice requirement is to “ensure counsel’s opportunity to frame intelligent suggestions for the fairest and least prejudicial response ... to the jury” (Kisoon, 8 NY3d at 134; see O’Rama, 78 NY2d at 277-278). Where a jury note “contain[s] a substantive inquiry, the [trial court]’s failure to provide counsel an opportunity to participate meaningfully in formulating its response [constitutes] a mode of proceedings error that requires reversal,” even in the absence of preservation (People v Stocks, 101 AD3d 1049, 1051 [2012]; see People v Tabb, 13 NY3d 852, 852 [2009]).
We conclude that the jury notes at issue, which requested readbacks of the entire testimony of various witnesses, were not *1327 substantive in nature and, therefore, did not implicate the court’s core responsibilities under CPL 310.30 (see People v Gerrara, 88 AD3d 811, 812-813 [2011], lv denied 18 NY3d 957 [2012], cert denied 568 US —, 133 S Ct 857 [2013]; People v Bryant, 82 AD3d 1114, 1114 [2011], lv denied 17 NY3d 792 [2011]). The record reflects that the court received three notes requesting readbacks of the testimony of five witnesses. The second note requested the testimony of Simmons and “Carmichael’s testimony of who left the house before the shots were fired.” The third note requested Carmichael’s entire testimony. Although the first note was not summarized on the record, we can infer from the transcript that the jury requested the testimony of Dr. Albert, Rucker, and Weaver. At 12:39 p.m., the court advised the jury that the court reporter “will now read to you the testimony of Dr. Albert and . . . Rucker. After that testimony, we’ll excuse you to have your lunch and to have the court reporter further prepare her notes and then resume with the testimony of the other witnesses.” The jury was excused at 1:00 p.m. and, in the presence of defendant and defense counsel and outside the presence of the jury, the court explained that “[a]t this time we’ll read Mr. Simmons’ and [Weaver’s] [testimony] and we’ll go over . . . Carmichael’s testimony before the jury hears it.”
When the jury returned to the courtroom at 2:35 p.m., the court advised the jury that “[a]t this time we’ll read the testimony of [Weaver] for you and . . . Simmons and then we’ll excuse you for a few moments while we clarify some issues on the Carmichael testimony.” After a read back of the testimony of Simmons and Weaver, the court again excused the jury and held a bench conference with counsel, apparently to determine how best to respond to the jury’s request for a portion of Carmichael’s testimony. Before that response was given, however, the court received a third note requesting the entirety of Carmichael’s testimony, which was then read to the jury.
In our view, inasmuch as the jury merely requested readbacks of the entire testimony of certain witnesses, defendant’s contention that the court did not strictly comply with the procedure set forth in CPL 310.30 required preservation (see Gerrara, 88 AD3d at 812-813; Bryant, 82 AD3d at 1114). Notably, the nature of the jury’s inquiries required no input from defendant or defense counsel in framing the court’s responses thereto. The jury requested readbacks of the testimony of five witnesses, and the court responded by reading the testimony of those witnesses in full.
In sum, because “neither defense counsel nor defendant could *1328 have provided a meaningful contribution” to the court’s responses to the jury notes in question (People v Ochoa, 14 NY3d 180, 188 [2010]), defendant “was not denied the opportunity to provide input regarding a substantive response or re-instruction to the jury” (Lykes, 178 AD2d 927, 927-928 [1991], affd 81 NY2d 767 [1992] [emphasis added]) and neither reversal nor remittal for a reconstruction hearing is required.
Present—Smith, J.P, Peradotto, Lindley, Sconiers and Whalen JJ.